## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAZCON, A KURTZ BROS. CO., LLC,<br>    Plaintiff, | ) | C.A. No. 1:19-CV-40 |
| | ) | |
| vs. | ) | |
| | ) | |
| BEG GROUP LLC, and JOSEPH<br>GRECO,<br>    Defendants. | )<br>)<br>) | Re: Motion for Preliminary Injunction |

## MEMORANDUM OPINION

## WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW

U.S. District Judge Susan Paradise Baxter

Pending before this Court is Defendants' motion for preliminary injunction [ECF No. 29] seeking to enjoin Plaintiff from prosecuting two Petitions for Cancelation at the United States Patent and Trademark Office ("USPTO"). Oral argument on the motion was held on October 30, 2019.[1]

### I.    Procedural History

On February 15, 2019, Plaintiff Mazcon, a Kurtz Brothers Company, an industry leader in sediment control, initiated this civil action. ECF No. 1. As Defendants to this action, Plaintiff names the BEG Group LLC, a direct competitor, and its President Joseph Greco.

The parties sell competing products and each accuses the other of sowing confusion in the market. Plaintiff raises four separate legal claims: Count I – False Advertising under the

---

[1] No evidence was introduced at the oral argument.

Lanham Act, 15 U.S.C. § 1125(A); Count II – Fraudulent Registration under the Lanham Act, 15 U.S.C. § 1120; Count III –Misappropriation of Trade Secrets; and Count IV – Unfair Competition. ECF No. 1. Defendants filed an Answer and a Counterclaim against Plaintiff: Count I – Trademark Infringement under the Lanham Act, 15 U.S.C. § 1114; Count II – Unfair Competition under both the Lanham Act, 15 U.S.C. § 1125 and at common law; and Count III – Trademark Infringement at common law. ECF No. 7.

On September 23, 2019, Plaintiff Mazcon filed two Petitions for Cancelation with the USPTO. These Petitions seek the cancelation of the federal registrations on Defendants' trademarks BIG SWITCH and THE BIG SWITCH. Defendants have filed a motion for preliminary injunction, seeking to enjoin Plaintiff from prosecuting both Petitions for Cancelation. The present dispute between the parties, on this motion for preliminary injunction, arises out of the applicability of the "first filed rule" and whether based on this case being the first filed, the Petitions for Cancelation at the USPTO should be stayed. Although there are four counts in the complaint and arguably four counts in the counterclaim, the gist of the complaint as it relates to the pending motion for preliminary injunction is only cancelation of the mark THE BIG SWITCH.

## II.     Standard of Review on Motion for First-filed Injunction

The "first-filed rule" allows a district court "to enjoin the prosecution of 'proceedings of the same parties and the same issues' in a court of coordinate jurisdiction." *Specialty Insurance Agency, Inc. v. Walter Kaye Associates, Inc.*, 1989 WL 65618, at \*2 (D. N.J. Jun.7, 1989) *quoting E.E.O.C. v. University of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988).[2]

_____

[2] Generally, courts must weigh four factors, including the likelihood of success on the merits and the likelihood of irreparable injury resulting without injunctive relief, when evaluating motions

"As explained by the Third Circuit: The first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank. It gives courts 'the power' to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." *Phoenix Insurance Co. Ltd. v. Teva Pharmaceutical Industries Ltd.,* 381 F.Supp. 3d 416, 419 (E.D. Pa. Feb. 22, 2019) *quoting E.E.O.C. v. Univ. of Pa.,* 850 F.2d 969, 971 (3d Cir. 1988). "[A]lthough a 'first-filed injunction' is technically directed at the parties, the order is tantamount to exercising a coordinate court's power to control its own cases." *Specialty Ins. Agency,* 1989 WL 656218, at *2.

A court may enjoin the parties "from proceeding in a subsequently-filed suit where (a) the court has jurisdiction, (b) the suit in whose favor the injunction is sought was filed first, (c) the issues are the same, (d) the parties are the same, (e) parallel litigation will mean duplicate expenditures of judicial effort and the possibility of inconsistent judgments, and (e) the injunction will not aid the movant in an inequitable strategy or work an impermissible hardship on one or more of the parties."[3] *Specialty Ins. Agency,* 1989 WL 65618, at *5, *quoting A.O. Smith Corp. v. F.T.C.,* 530 F.2d 515, 525 (3d Cir. 1976).

With this standard of review in mind, the Court makes Findings of Fact and Conclusions of Law granting the motion for preliminary injunction. *See* Federal Rule of Civil Procedure 52.

---

for preliminary injunction. *Fulton v. City of Philadelphia,* 922 F.3d 140, 152 (3d Cir. Apr. 22, 2019) *citing Reilly v. City of Harrisburg,* 858 F.3d 173, 179 (3d Cir. Jun. 26, 2017). However, a motion for preliminary injunction based on the first-filed rule is not evaluated in the usual manner.

[3] The parties argue, and some case law supports, a three-factor analysis for the imposition of a preliminary injunction in similar circumstances. However, the six-factor test is more complete and provides a superior tool for evaluation of the competing interests here. *See generally, Specialty Ins. Agency,* 1989 WL 65618, at *5 ("It is important to keep in mind that these elements are only aids to the court's discretion.").

## III. Findings of Fact

### *The Present Litigation*

1. The instant action was filed in this Court on February 15, 2019.

2. Plaintiff Mazcon and Defendant BEG Group are direct competitors in the sediment control industry.

3. Joseph Greco is an officer and director of BEG.

4. Mr. Greco owns Registration No. 5,306,024 ('024) for the mark THE BIG SWITCH. As part of the present lawsuit, Mazcon seeks cancelation of the trademark registration for THE BIG SWITCH. The relief sought in the complaint is very broad but does include a specific request that the Commissioner of the USPTO be directed to cancel '024 for THE BIG SWITCH. *See* ECF No. 1, pages 36-37 ("(g) Order that Defendants committed fraud in procuring and maintaining trademark registration number 5,306,024 for the mark THE BIG SWITCH by making and maintaining false, material representations of fact in connection with a trademark application with the intent to deceive the U.S. Patent and Trademark Office and award Plaintiff damages associated with misleading customers regarding the same; (h) Order the Commissioner of the USPTO to cancel trademark registration number 6,306,024 [THE BIG SWITCH] consistent with this findings…").

5. Defendants BEG Group and Mr. Greco filed a counterclaim claiming that Mazcon has infringed on its valid trademark of THE BIG SWITCH through Mazcon's sale of SWITCH SOCK. As relief, Defendants seek "the abandonment of Mazcon's U.S. Serial Number 87/197,481 for SWITCH SOCK." *See* ECF No. 7, page 30.

6. BEG Group owns Registration No. 5,580,570 ('570) for the trademark BIG

   SWITCH. As part of the present lawsuit, Mazcon does NOT seek cancelation of

   the mark BIG SWITCH.

*The Petitions for Cancelation at the USPTO*

7. Mazcon filed two Petitions for Cancelation of trademark registrations in

   September 2019.

8. Petition for Cancelation No. 9207214 seeks cancelation of the mark THE BIG

   SWITCH, Registration No. '024. The bases upon which cancelation is requested

   are:

   i)    failure to file in name of actual owner and/or lack of use by
         original owner Mr. Greco, and

   ii)   alleged likelihood of confusion with the registration for the
         mark SWITCH SOCK having an earlier filing date.

9. Petition for Cancelation No. 92072357 seeks cancelation of the mark BIG

   SWITCH, Registration No. '570. The bases upon which cancelation is requested

   are:

   i)    fraudulent registration, and

   ii)   alleged likelihood of confusion with the registration for the
         mark SWITCH SOCK having an earlier filing date.

10. Counsel for Plaintiff acknowledged that the primary reason for filing the Petitions

    for Cancelation with the USPTO was so as not to stall the instant litigation.

    Transcript, page 44.

## IV. Conclusions of Law

1. When ruling on a motion for a preliminary injunction, "a court both finds facts and determines the law." *See* Fed.R.Civ.P. 52(a)(1) & (2).

2. A court may enjoin the parties "from proceeding in a subsequently-filed suit where (a) the court has jurisdiction, (b) the suit in whose favor the injunction is sought was filed first, (c) the issues are the same, (d) the parties are the same, (e) parallel litigation will mean duplicate expenditures of judicial effort and the possibility of inconsistent judgments, and (e) the injunction will not aid the movant in an inequitable strategy or work an impermissible hardship on one or more of the parties." *Specialty Ins. Agency*, 1989 WL 65618, at \*5, *quoting A.O. Smith Corp., 530 F.2d at 525.*

*Consideration of the Six Factors*

*First Factor*

3. This Court has jurisdiction over the pending matter [15 U.S.C. § 1111, *et seq.*] and the USPTO has jurisdiction over the cancelation petitions [15 U.S.C. § 1051, *et seq.*]. Furthermore, the Court has the power to cancel trademarks under 15 U.S.C. § 1119. *See Fenwick v. Dukhman*, 2015 WL 1307382, at \*7 (D. N.J. Mar. 20, 2015). The first factor is satisfied as this Court and the USPTO have concurrent jurisdiction. *See Ditri v. Coldwell Banker Residential Affiliates, Inc.,* 954 F.2d 869, 873 (3d Cir. Jan 22, 1992) ("Although a petition to the Patent and Trademarks Office is the primary means of securing a cancellation [of a trademark], the district court has concurrent power to order cancellation as well for the obvious reason that an entire controversy may thus be expediently resolved in one forum."). *See also*

*Dwindle-Wright Co. v. Nat'l Fruit Product Co.*, 129 F.2d 848 (1st Cir. Jul. 16, 1942); 5 McCarthy on Trademarks and Unfair Competition § 30:109 ("the net effect of [the] Lanham Act § 37, 15 U.S.C. § 1119, is to give to the courts concurrent power with the Patent and Trademark Office to conduct cancellation proceedings.").

*Second Factor*

4. The instant action was filed on February 15, 2019, several months before the Petitions for the Cancelation, which were filed in September 2019. Accordingly, this lawsuit is the "first-filed" action and the second factor is satisfied.

*Third Factor*

5. As to whether the issues are the same, "… the first-filed rule is not limited to mirror image cases where the parties and the issues perfectly align." *Phoenix Ins. Co. Ltd. v. Teva Pharmaceutical Industries Ltd.*, 381 F.Supp.3d 416, 420 (E.D. Pa. Feb. 22, 2019) *quoting Villari Brandes & Kline, P.C. v. Plainfield Specialty Holdings II, Inc.*, 2009 WL 1845236, at * 6 (E.D. Pa. Jun. 26, 2009). Instead "the principles underlying the rule support its application where the subject matter of the later filed case substantially overlaps with that of the earlier one. The substantive touchstone of the first-to-file inquiry is subject matter." *Id.*

6. The issues before the USPTO are limited to the cancelation of the trademark registrations for BIG SWITCH and THE BIG SWITCH. The issues in this lawsuit are considerably broader, and the validity of the trademarks for BIG SWITCH and THE BIG SWITCH will necessarily be addressed as part of the infringement counterclaim.

*Fourth Factor*

7. The parties are the same in both proceedings as the Petitions for Cancelation were filed by Plaintiff Mazcon against Defendant BEG Group and Mr. Greco. The fourth factor is satisfied.

*Fifth Factor*

8. The power of the USPTO is limited by statute to the registration of trademarks and the dissemination to the public information with respect to trademarks. 35 U.S.C. § 2(a). The only available relief at the USPTO is cancelation of the registration of a trademark as the agency does not have power to grant monetary relief. According to its own publication, "Protecting Your Trademark: Enhancing Your Rights Through Federal Registration," the USPTO does not "enforce your rights in the mark or bring legal action against a potential infringer; … [or] assist with policing your mark against infringers."

9. "The party who first brings a controversy into a court of competent jurisdiction for adjudication should, so far as our dual system permits, be free from the vexation of subsequent litigation over the same subject matter. The economic waste involved in duplicating litigation is obvious. Equally important is its adverse effect upon the prompt and efficient administration of justice." *Dwinell-Wright Co.*, 129 F.2d at 853, *quoting Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941).

10. "Clearly it is just as harassing and vexatious, and there is just as much waste and duplication of effort involved in twice trying the same issue between the same parties whether the second trial is before an administrative tribunal or before a court." *Id.*

11. The Petitions for Cancelation at the USPTO represent only a fraction of the subject matter that is involved in the instant litigation. Any result before the USPTO will not be entirely dispositive of the legal claims in the present case. In other words, both trademark registrations could be canceled and this case would still proceed.

12. Furthermore, this Court and the USPTO could reach differing conclusions as to the validity of the two marks. Such a result would result in a waste of judicial (and party) resources. The fifth factor is satisfied.

*Sixth Factor*

13. As to the sixth and final factor, "the movant must not seek the injunction for an inequitable purpose or create an unduly-burdensome result. His application must not be made in order to protect his own forum-shopping; interfere with a more developed proceeding; maintain an inconveniently-located, anticipatory suit; or evade the regular application of prevailing law. The court may also take the convenience of the parties into account in deciding whether or not to issue the injunction. Where it appears that the injunction would transgress either requirement, the court should deny the movant's request." *Specialty Ins. Agency*, 1989 WL 65618, at *4 (internal citation omitted).

14. This Court has not seen any evidence that any of those considerations are present in this case. To the contrary, counsel for Plaintiff acknowledged that the Petitions for Cancelation were filed with the USPTO so as not to stall this litigation. This factor is satisfied.

15. All six factors weigh in favor of granting preliminary injunctive relief to Defendants.

An appropriate Order will follow.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAZCON, A KURTZ BROS. CO., LLC,   )
    Plaintiff,                     )    C.A. No. 1:19-CV-40
                                   )
vs.                             )
                                   )
BEG GROUP LLC, and JOSEPH       )
GRECO,                       )
    Defendants.            )

## ORDER

AND NOW, this 3rd day of December, 2019;

IT IS HEREBY ORDERED that the Defendants' motion for preliminary injunction [ECF No. 29] is GRANTED. Plaintiff Mazcon is hereby ENJOINED from prosecuting the Petitions for Cancelation at the USPTO and will dismiss the same, without prejudice, or request leave of the USPTO to stay all proceedings initiated by the Petitions.

IT IS FURTHER ORDERED that Plaintiff may file an amended complaint before December 20, 2019, and Defendants are to file an answer to the amended complaint within twenty days of receipt of the amended complaint. A Status Conference will be scheduled separately to discuss the re-opening of fact discovery.

IT IS FURTHER ORDERED that counsel for Plaintiff is to file the protective order as discussed at the Status Conference held on October 8, 2019.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge